# UNPUBLISHED

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

## No. 18-6237

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TERRANCE GERMAINE THOMPSON,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Florence. R. Bryan Harwell, District Judge.  (4:13-cr-00843-RBH-8; 4:16-cv-03922-RBH)

Submitted:  June 14, 2018                                    Decided:  June 19, 2018

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Terrance Germaine Thompson, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Terrance Germaine Thompson seeks to appeal the district court's order denying his Fed. R. Civ. P. 60(b) motion for reconsideration of the district court's order dismissing as untimely his 28 U.S.C. § 2255 (2012) motion. The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2012). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2012). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

We have reviewed the record and conclude that Thompson has not made the requisite showing. Although the district court denied the Rule 60(b) motion on the merits, the court lacked jurisdiction to do so because Thompson reasserted claims he raised in his § 2255 motion and, thus, the motion should have been construed as a successive 28 U.S.C. § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (explaining how to differentiate true Rule 60(b) motion from unauthorized second or successive habeas corpus petition); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003) (same). In the

2

absence of prefiling authorization from this court, the district court lacked jurisdiction to entertain Thompson's successive § 2255 motion. *See* 28 U.S.C. § 2244(b)(3) (2012).

Accordingly, we deny a certificate of appealability and dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*